UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GRAY,<br><br>              Plaintiff,<br><br>     v.<br><br>RICK HILL,<br><br>              Defendant. | No.  2:13-cv-02456-MCE AC P<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
6  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
7  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
8  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
9  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
10 this standard, the court must accept as true the allegations of the complaint in question, Hospital
11 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
12 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
13 McKeithen, 395 U.S. 411, 421 (1969).

14 II.  Allegations in the Complaint

15 On October 23, 2012 plaintiff was transferred to Folsom State Prison as an A1A non-
16 adverse transfer inmate. ECF No. 1 at 3. According to the allegations in the complaint, Rick
17 Hill, the Warden of Folsom State Prison and the defendant in the present action, has divided A1A
18 inmates into two separate categories:  A1A assigned workers and A1A unassigned inmates. Id.
19 Plaintiff alleges that he is not being granted equal access to night, weekend, and holiday yard time
20 as other A1A assigned inmates based on the Warden's categorization.[1] Id. at 4.  In his only claim
21 for relief, plaintiff contends that defendant is violating his Fourteenth Amendment rights,
22 specifically the due process and equal protection clauses, by implementing an underground
23 regulation in violation of California Government Code § 11340.5 by creating two separate
24 categories of A1A inmates. Id. at 3.
25 ////
26

---

27 [1] Plaintiff does not allege that he is being completely denied yard access.  He merely complains that A1A inmates who are assigned to prison jobs are given priority access to the yard on
28 evenings, weekends, and holidays. ECF No. 1 at 5.

2

III.     Analysis

At the outset the undersigned notes that even if plaintiff is being subjected to an underground regulation, that is not sufficient to state a claim under 42 U.S.C. § 1983.  It is true that California law provides that no state agency may issue, utilize or enforce a rule that constitutes a "regulation" unless the rule has been adopted as a regulation using the procedures required by the Administrative Procedures Act.  See Cal. Gov't Code § 11340.5(a); see also Cal. Gov't Code §§ 11346–11348 (prescribing procedures for adoption of regulations, including procedures for public notice and public discussion of proposed regulations).  A "regulation" is any "rule, regulation, order, or standard of general application ... adopted by any state agency to implement, interpret, or make specific the law enforced or administered by it, or to govern its procedure."  Cal. Gov't Code § 11342.600; see also Cal. Code Regs. tit. 1 § 250(a) (defining an "[u]nderground regulation" as "any guideline, criterion, bulletin, manual, instruction, order, standard of general application, or other rule ... that is a regulation as defined in Section 11342.600 of the Government Code, but has not been adopted as a regulation and filed with the Secretary of State pursuant to the APA and is not subject to an express statutory exemption from adoption pursuant to the APA").  Even assuming arguendo that the two A1A categories are indeed a regulation enacted in violation of the APA, plaintiff cannot state a due process claim for relief under 42 U.S.C. § 1983.

The guarantees of federal due process apply only when a constitutionally-protected liberty or property interest is at stake.  Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir.1993).  The Ninth Circuit Court of Appeals has held that a plaintiff cannot, as a matter of law, state a due process claim under 42 U.S.C. § 1983 based solely on the fact that the plaintiff was subjected to a rule that is invalid under state law.  Lone Star Security & Video, Inc. v. City of Los Angeles, 584 F.3d 1232, 1236 (9th Cir. 2009).  In Lone Star, the Court of Appeals concluded that the city ordinance of which the plaintiffs complained "does not interfere with one of the fundamental rights or liberty interests that enjoy heightened protection against government interference under the substantive component of the due process clause," and it did not represent "an abuse of power lacking any reasonable justification in the service of a legitimate governmental objective."  Id. at

1236 (internal quotation marks omitted).  Likewise here, the A1A categories do not interfere with any fundamental right to be granted unrestricted yard access, and it clearly is justifiable in the service of legitimate governmental objectives.

As the Supreme Court stated in Sandin v. Conner, 515 U.S. 472, 483-84 (1995), "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause.... But these interests will be generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Here, the only hardship of which plaintiff complains is that he has been subjected to a rule that he says is invalid under state law.  He does not even allege an atypical and significant hardship that is protected by the due process clause since he is granted yard access, just not on evenings, weekends, or holidays.  As Lone Star makes clear, that is insufficient to make out a claim for relief under section 1983.

Additionally, "[t]o state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class."  Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir.2003).  However, plaintiff does not suggest that he was denied access to yard time on the basis of his membership in any protected class.  The distinction between A1A assigned workers and A1A unassigned inmates is not alleged to classify or discriminate on the basis of race or any other criterion that would implicate equal protection principles.

IV.     Leave to Amend

District courts are "only required to grant leave to amend if a complaint can possibly be saved."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.2000).  A court may dismiss an in forma pauperis complaint with prejudice when it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995); Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir.2005).  Here, the sole allegation in the complaint is plaintiff's argument that defendant created an underground violation contrary to the APA.  Even if that position is correct as a matter of state law, plaintiff is entitled to no relief under section 1983, and no set of facts could be pleaded that would correct that deficiency.  For

this reason, the undersigned recommends dismissing the complaint without leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint (ECF No. 1) be dismissed with prejudice for failure to state a claim on which relief may be granted; and,

2. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 2,7) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 8, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE